Before SCHOTT, GARRISION and BARRY, JJ.
This is before us on application for supervisory writs by Mrs. Mary Louise Yancey Terjersen, defendant and plaintiff in recon-vention in a suit brought by her husband for a separation from bed and board. Mrs. Terjersen brought a rule against her husband for alimony pendente lite and for occupancy of the family residence pending the partition of the community property pursuant to LSA-R.S. 9:308. The trial court made this rule absolute awarding Mrs. Ter-jersen alimony pendente lite and occupancy of the family residence. Mr. Terjersen who is occupying the family residence obtained an order for a suspensive appeal from that part of the judgment awarding Mrs. Terjer-sen occupancy of the residence along with a devolutive appeal from the alimony aspect of the judgment. The issue is whether C.C.P. Art. 3943 prevents a suspensive appeal from that part of the judgment awarding occupancy of the residence to Mrs. Ter-jersen.
R.S. 9:308 was added to the Revised Statutes by Act 592 of 1981, and is as follows:
“After the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, use and occupancy of the family residence pending the partition of the community property. In such cases, the court shall inquire into the relative economic status of the spouses and the needs of children, if any, and shall award the use and occupancy of the family residence to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home in awarding alimony or child support.”
C.C.P. Art. 3943 provides as follows:
“An appeal from a judgment awarding custody of a person or alimony can be *689 taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.”
R.S. 9:308 requires the judge to consider the granting of occupancy of the residence in awarding alimony. Thus, it follows that had the trial judge not awarded occupancy of the family residence to Mrs. Terjersen he would have awarded her a higher amount of alimony pendente lite in order for her to rent a suitable residence pending the suit.
The clear intent of C.C.P. Art. 3943 is to insure that the needy spouse shall be provided for during pendency of the appeal and may not be reduced to poverty by the simple expedient of the spouse having the means to support the other spouse taking a suspensive appeal. The intention of this article would be frustrated if the trial judge’s award of occupancy of the residence to the needy spouse along with an amount of alimony which does not contemplate her having to rent a residence could be suspended to the extent of depriving her of the family residence pending the appeal.
We conclude that the order for the sus-pensive appeal from that portion of the judgment awarding Mrs. Terjersen occupancy of the family residence pursuant to R.S. 9:308 was improvidently issued. We issue a peremptory writ and set aside the trial court’s order of February 11, 1982, granting a suspensive appeal insofar as the judgment directs Mr. Terjersen to relinquish occupancy of the family residence. The devolutive appeal from the judgment is maintained.